### BARRY et al. v. GENERAL TIRE & RUBBER CO. et al.

### No. 7408.

Circuit Court of Appeals, Seventh Circuit.

Jan. 22, 1941.

Rehearing Denied Feb. 14, 1941.

Patrick J. Lucey and Gerald G. Barry, both of Chicago, Ill., for appellants.

Wm. C. McCoy, of Cleveland, Ohio, and Earle E. Ewins, of Chicago, Ill. (Evans & McCoy and Frank S. Greene, all of Cleveland, Ohio, and Musgrave, Oppenheim, Price & Ewins, of Chicago, Ill., of counsel), for appellees.

Before EVANS, and KERNER, Circuit Judges, and LINDLEY, District Judge.

EVANS, Circuit Judge.

Patent No. 1,473,694, issued November 13, 1923, to Gerald Barry, covering a "Metal Wheel," is the subject of this litigation. Claims 2, 4, 5, and 7 are involved. Claim 2, which is typical, reads:

"2. In a wheel of the character described, the hollow metal units, each comprising a sector of the supporting structure between the hub and rim members, formed from a single metal blank, substantially as shown and described."

Assuming that defendants have a hollow metal unit such as described in claim 2 and each unit comprises a sector of the supporting structure between the hub and rim members, the sharply-controverted issue is whether the Barry patent is limited to a disc wheel. Defendants' wheels are not disc. They are what are known as artillery wheels. There is space between the spokes, whereas in the disc wheels the metal units, which patentee calls "sectors," "are arranged in abutting relation with each other."

The District Judge, in disposing of the case, observed:

"Mr. Barry was proceeding with what he thought would be an improvement and which perhaps was an improvement upon the so-called disc wheel. He wasn't thinking of spokes. He wasn't thinking of an imitation in appearance of the old-fashioned wooden artillery wheel. He was thinking of making a disc wheel which would be better than any disc wheel that had theretofore been made. * * *

When you bear in mind that the patentee was talking about an improved disc wheel and that the defendant has a metal imitation of the old-fashioned wooden artillery wheel, then you know that the claims do not in fact read upon the defendants' device. When you disregard the specifications of the patent, those claims seem to read upon the defendants' wheel, because they relate to the supporting means between the hub and the rim \* \* \* of a wheel."

The court distinguished certain prior art because the patent in suit covered a disc wheel only.

We are in full accord with the view expressed by the court when it held that if the plaintiffs' patent were limited to disc wheels, then the defendants' structure avoided infringement.

The determinative question on this appeal, then, is, Does the patent deal with disc wheels only?

While claim 2 does not specifically describe disc wheels, the specifications make it clear that only such a wheel was involved. The specifications would not support claims covering any other kind of a wheel. And in claim 2 these words are significant, "in a wheel of the character described." Presumably, "described" refers to the specifications.

Supporting the conclusion of the District Court is the adoption of the word "sector" in all the claims. The specifications specifically describe this word. In the accompanying drawings a "sector" is reproduced as Figure 5. It is here copied:

*Fig. 5*

This figure 5 is described in detail in the specifications. Only a sector as shown in the drawing responds to the language of the specifications. The language and drawing negative the idea of a spoke.

We quote a single sentence:

"The tightly abutting relation of the series of sector shaped units forming the main supporting structure should be carefully noted in the several figures of the drawings."

Finally, the claim, itself, in the last clause, refers to the sector as illustrated in the specifications and drawings in this language, "substantially as shown and described."

The final argument, and one rather conclusive, in support of this construction, is the fact that if the wheel were not a disc wheel, it would have been anticipated by the Murray patent, No. 1,227,178, or, as the District Court observed, there would have been no patentable novelty in an artillery wheel over the said Murray patent. Anticipation, in other words, was avoided by restricting the wheel of the patent to a disc wheel.

Construing the specifications, drawings, and the claim together, we unhesitatingly accept the District Court's construction and hold that all claims must be limited to a disc metal wheel. Such a construction avoids anticipation and the non-patentable novelty objection, but, unfortunately, it fails to embrace defendants as infringers.

The decree is

Affirmed.